# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of:<br><br>Information associated with Google accounts that is stored at premises controlled by Google, fully described in Attachment A. | )<br>)<br>) Case No. 19-M-106<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

Information associated with Google accounts that is stored at premises controlled by Google, fully described in Attachment A.

located in the Eastern District of Wisconsin, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim P. 41(c) is:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: arson in violation of 18 USC 844(i)

The application is based on these facts: See attached affidavit.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Luke Barker, ATF Special Agent
Printed Name and Title

Sworn to before me and signed in my presence:

Date: April 30, 2019

_____
Judge's signature

City and State: Milwaukee, Wisconsin

David E. Jones, U.S. Magistrate Judge
Printed Name and Title

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Luke Barker, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information that is stored at premises controlled by Google, a provider of electronic communications service and remote computing service headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Google to disclose to the government copies of the information further described in Attachment B.

2. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), and have been since November of 2015. From November 2015 until June 2016, I attended the Federal Law Enforcement Training Center and the ATF National Academy in Glynco, Georgia. I have been trained to investigate violations of federal firearms, arson and explosives laws found in Title 18 of the United States Code. Prior to my employment as an ATF SA, I was employed for just under eight years as a police officer with the City of Aurora Police Department in Illinois. I have over eleven total years in law enforcement.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that an arson in violation of 18 USC 844(i) has been committed

by unknown persons. There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## II. JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## III. BACKGROUND RELATING TO GOOGLE AND RELEVANT TECHNOLOGY

6. A cellular telephone or mobile telephone is a handheld wireless device used primarily for voice communication through radio signals. Cellular telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "landline" telephones. Cellular telephones rely on cellular towers, the location of which may provide information on the location of the subject telephone. Cellular telephones may also include global positioning system ("GPS") technology for determining the location of the device.

7. Google is an Internet company which, among other things, provides electronic communication services to subscribers. Google allows subscribers to obtain email accounts at the domain name gmail.com. Subscribers obtain an account by registering with Google. During the registration process, Google asks subscribers to provide basic personal information. Therefore, the computers of Google are likely to contain stored electronic communications (including retrieved and unretrieved email for Google subscribers) and information concerning subscribers and their use of Google services, such as account access information, email transaction information, and account application information. In my training and experience,

such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

8. In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that even if subscribers insert false information to conceal their identity, I know that this information often provide clues to their identity, location or illicit activities.

9. In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of login (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

10. As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. Further, information maintained by the email provider can show how, where, and when the account was accessed or used. Based on my training and experience, I have learned that Google also maintains records that may reveal other Google accounts accessed from the same electronic device, such as the same computer or mobile device, including accounts that are linked by Hypertext Transfer Protocol (HTTP) cookies, which are small pieces of data sent from a website and stored in a user's Internet browser.

11. Google has developed an operating system for mobile devices, including cellular phones, known as Android. Nearly every cellular phone using the Android operating system has an associated Google account and users are prompted to add a Google account when they first turn on a new Android device.

12. Google and Google related accounts can also be connected to users through non-Android operating systems. For example, a cellular phone using the Apple operating system iOS has the capacity to run a full array of Google apps, which can link to a user's Google account.

13. According to the Statcounter website, http://gs.statcounter.com/os-market-share/mobile/united-states-of-america, as of March 2019, the Apple operating system iOS and the Android Operating System account for 99% of the US market share of Mobile operating systems.

14. Based on my training and experience, I have learned that Google collects and retains location data from Android-enabled mobile devices when a Google account user has

enabled Google location services. The company uses this information for location-based advertising and location-based search results. This information is derived from sources including GPS data, cell site/cell tower information, and Wi-Fi access points.

15. Location data can assist investigators in understanding the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email).

## IV. PROBABLE CAUSE

16. On January 5, 2019 at approximately 9:00 pm, police officers from the City of Milwaukee Police Department (MPD) were dispatched to 7906 West Hampton Avenue, Milwaukee, Wisconsin. Upon their arrival, they observed a fire burning in unit #4 of that four (4) unit apartment building.

17. The residents of unit #4, Carol JONS (B/F DOB: 12/10/1965) and Darrell JONES (B/M DOB: 8/24/1965) were inside the residence when the fire began. Carol stated she was in her bedroom when she heard glass breaking. Darrell stated he was in the living room when he heard a large "boom" and then glass breaking.

18. When MPD officers arrived, they observed flames in a first floor apartment window. Officers stated the apartment window was broken. MPD officers assisted with extinguishing the fire.

19. MPD officers spoke to a witness, Darien WESLEY (B/M DOB: 8/23/1994), who lives at 7833 West Luscher Avenue. Darein told MPD officers he observed an unknown person outside the apartment building in the vicinity of the fire who fled southbound down Evans Street.

20. MPD officers located a glass Coca-Cola bottle near a tree just outside the apartment building. The glass bottle contained an unknown liquid and was stuffed with a red rag. A second bottle and a partially burned red rag was found inside unit #4 near the window.

21. MPD submitted the unknown liquid found inside the Coca-Cola bottle to the Wisconsin Regional Crime Lab. After lab tests were conducted, the Wisconsin Regional Crime Lab discovered the unknown liquid tested positive for gasoline.

20. Google Maps identified the location of the above-described apartment fire, 7906 West Hampton Avenue, Milwaukee, Wisconsin, using latitude/longitude data as 43.061874, -88.003883.

21. Based on my training and experience I know that crime suspects often use utilize mobile cellular devices as tools in furtherance of their criminal conspiracies. With respect to arson, suspects will work with accomplices who act as lookouts or getaway drivers and communicate with these accomplices through cell phones. Often times, suspects conduct pre-arson surveillance to determine whether the building is occupied or if law enforcement is present.

V. CONCLUSION

22. Based on the forgoing, it is probable that the unknown subject(s) of this arson investigation had cellular telephones which utilized either Google's Android or Apple OIS operating systems. I request that the Court issue the proposed search warrant. Because the warrant will be served on Google who will then compile the requested records at a time

convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## VI. REQUEST FOR SEALING

1. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

## ATTACHMENT A

### Property To Be Searched

This warrant is directed to Google LLC, headquartered at 1600 Amphitheatre Parkway, Mountain View, California, and applies to (1) GPS, WiFi or Bluetooth sourced location history data generated from devices that reported a location within the geographical region bounded by the following latitudinal and longitudinal coordinates, dates, and times ("Initial Search Parameters") and (2) identifying information for Google Accounts associated with the responsive location history data:

- Date: January 5, 2019

- 8:55 pm – 9:02 pm (central time)

- Target Location: Geographical area identified as

    - A radius of 10 meters around the latitude/longitude coordinates 43.061874, -88.003883

# ATTACHMENT B

## *Items To Be Seized And Searched*

I. **Information to be disclosed by Google (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider shall provide responsive data (as described in Attachment A) pursuant to the following process:

1. Google shall query location history data based on the Initial Search Parameters (as described in Attachment A).

2. For each location point recorded within the Initial Search Parameters, Google shall produce anonymized information specifying the corresponding unique device ID, timestamp, coordinates, display radius, and data source, if available (the "Anonymized List").

3. Law enforcement shall review the Anonymized List to remove devices that are not relevant to the investigation, for example, devices that were not in the location for a sufficient period of time. If additional location information for a given device ID is needed in order to determine whether that device is relevant to the investigation, law enforcement may request that Google provide additional location coordinates for the Time Period that fall outside of the Target Location. These contextual location coordinates may assist law enforcement in identifying devices that were located outside the Target Location, were not within the Target Location for a long enough period of time, were moving through the Target Location in a manner inconsistent with the facts of the underlying case, or otherwise are not relevant to the investigation.

4. For those device IDs identified as relevant pursuant to the process described above, law enforcement may request that Google Provide identifying information, as defined in 18 U.S.C. § 2703(c)(2), for the Google Account associated with each identified device ID.